ALBANY,
August, 1810.

WRIGHT
v.
MURRAY.

*Where a plea was delivered to the plaintiff's attorney, who searched the clerk's office, and finding no plea on file, entered a default, for want of a plea; the court considered the default as a nullity, and no excuse for not proceeding to trial on the plea. The party is to be governed by the pleadings delivered to him, and not search the office, to see whether the originals are filed.*

SMITH and others *against* WELLS and others.

FOOT, for the defendants, moved for judgment, as in case of nonsuit, for not proceeding to trial in this cause.

*Woods,* contra, read an affidavit, stating, that a default had been entered in the cause, for want of a plea. It appeared that after a copy of the plea had been delivered, the plaintiff's attorney searched the clerk's office, and finding no plea on file, he entered a default, for want of a plea. He cited 3 *Caines's Rep.* 107.

*Per Curiam.* The motion must be granted, unless the plaintiff enters into the usual stipulation. The attorney is to be governed by the pleadings delivered to him, and is not to search the clerk's office. The plaintiff's attorney, when a *copy* of a plea is received by him, is to take it for granted, that the *original* is on file.

—————

WRIGHT *against* MURRAY.

*The certificate of the clerk of the circuit, is sufficient evidence that a cause was not tried at the circuit.*

D. WOOD, for the defendant, moved for a judgment as in case of nonsuit, for not proceeding to trial in this cause. He produced the certificate of the clerk of the *Cayuga circuit,* stating, that the cause was not tried at the last circuit held in that county.

*Kellogg,* contra, objected that the clerk's certificate was not sufficient; but that there should have been an affidavit that the cause had not been tried, &c.

*Per Curiam.* The certificate of the clerk of the circuit, who is the proper officer of the court, ought to be received, and is sufficient evidence of the fact.

ALBANY,
August, 1810.

FENTON
v.
GARLICK.

Rule granted.

---

FENTON, Administrator, &c. *against* GARLICK.

VAN BUREN, for the defendant, moved to set aside the default, and all subsequent proceedings in this cause, for irregularity.

It appeared that this was an action of debt, on a judgment recovered against the defendant in the state of *Vermont;* that no notice of any assessment of damages, or inquiry of damages had been given to the defendant, nor had a copy of the costs, or notice of the taxation, been served upon him, or his attorney. There was also an affidavit of merits; and it appeared that the defendant's attorney had sent a plea to be filed in the clerk's office, and a copy thereof to be delivered to the plaintiff's attorney; but the person by whom they were sent neglected to file or deliver the plea.

The principal question was, whether a writ of inquiry of damages was necessary in such a case, or an assessment by the clerk.

*Van Buren* cited *Tidd's K. B. Pr.* 575. 8 *Term Rep.* 395. 3 *Johns. Rep.* 59.

*Ford,* contra.

In actions of debt where a judgment by default is obtained, the plaintiff need not issue a writ of inquiry, to ascertain the interest or damages, but the same may be ascertained by the clerk, and taxed with the costs. The plaintiff must, however, give notice to the defendant, of the taxation before the clerk; and if he neglects to give such notice, the court will not set aside the judgment, but order a relaxation on proper notice, and if any deduction is made, on the retaxation, the amount is to be credited on the execution. Where a plea was sent to the plaintiff's attorney, but miscarried, and a judgment by default was entered for want of a plea; the court, on an affidavit of merits, allowed the defendant to come in and plead and go to trial; but ordered the judgment to stand as security, as the party had lost a trial.